UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JASON WENK** | **CIVIL ACTION NO. 12-2847-P** |
| **VERSUS** | **JUDGE HICKS** |
| **PARISH OF BOSSIER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

Jason Wenk ("Plaintiff") filed a civil rights complaint against the Parish of Bossier, Julian Whittington, Rod Boyer, Mark Causey, the Steve Hoyle Intensive Substance Abuse Treatment Program, Susan Tucker, the State of Louisiana, Lori Culpepper, Royce Coggins, the Louisiana Department of Public Safety and Corrections, and Quinton Black. Plaintiff is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana, but claims his civil rights were violated by prison officials while incarcerated at the Bossier Parish Medium Security Facility in Plain Dealing, Louisiana.

Plaintiff filed an Application for Preliminary Injunction (Doc. 7). He claims Defendants at the Bossier Parish Medium Security Facility made disparaging and threatening remarks to him. He claims he fears Defendants will retaliate against him, issue false disciplinary reports against him, physically abuse him, and destroy his legal work. He further claims the law library at the facility is inadequate. As relief, Plaintiff seeks to be transferred to a DOC facility.

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the court refuses to grant a preliminary injunction as he is no longer in the custody of Defendants at the Bossier Parish Medium Security Facility. Thus, his injunction claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Application for Preliminary Injunction (Doc. 7) be **DENIED** as moot.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 7th day of August, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE