UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JASON WENK** | **CIVIL ACTION NO. 12-2847-P** |
| **VERSUS** | **JUDGE HICKS** |
| **PARISH OF BOSSIER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed by pro se plaintiff Jason Wenk ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 6, 2012. Plaintiff is currently incarcerated at the David Wade Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the Bossier Parish Correctional Center in Plain Dealing, Louisiana. He names the State of Louisiana and the Louisiana Department of Corrections as defendants.[1]

Plaintiff claims that on July 23, 2012, he filed a grievance in the administrative remedy procedure regarding the food temperatures. He claims that on August 3, 2012, he

---

[1] Plaintiff also names the Parish of Bossier, Julian Whittington, Rod Boyer, Mark Causey, the Steve Hoyle Intensive Substance Abuse Treatment Program, Susan Tucker, Lori Culpepper, Royce Coggins, and Quinton Black as defendants. Plaintiff's claims against these Defendants will be addressed in a separate memorandum order.

filed a grievance in the administrative remedy procedure regarding the lack of a facility for church services. He claims that on August 21, 2012, he filed a grievance in the administrative remedy procedure regarding the lack of outdoor recreation. Plaintiff claims that on August 24, 2012, he filed a grievance in the administrative remedy procedure regarding the lack of cleaning supplies, the lack of water pressure in the sinks, the inadequate air system, and excessive noise levels. He claims that on September 24, 2012, he filed a grievance in the administrative remedy procedure regarding the air conditioning system. Plaintiff claims he received no responses to any of his grievances.

Plaintiff claims that on October 3, 2012, Assistant Warden Casuey made despairing and threatening comments to him.

Plaintiff claims that on January 5, 2013, Deputy Black told the entire dorm that they would be tased, sprayed with a chemical agent, strapped in a five point restraining chair, and denied a blanket if they did not shave their heads. He claims Deputy Black drew his taser while making his threats.

Plaintiff claims Assistant Warden Mark Causey ordered the confiscation of his property which included a CD player, shorts, tennis shoes, and boots.

Accordingly, Plaintiff seeks compensatory and punitive damages, interest, court costs, transfer to an appropriate DOC facility, and all other general and equitable relief to which he is entitled.

## LAW AND ANALYSIS

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action. Accordingly, this Court must examine Plaintiff's claim for an award of money damages to see if the court's jurisdiction over those claims is barred by the Eleventh Amendment. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61,

39 L.Ed. 2d 662, 678 (1974); <u>Brennan v. Stewart</u>, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. <u>American Telephone and Telegraph Co. v. Madison Police Jury</u>, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. <u>Usry v. Louisiana Department of Highways</u>, 459 F.Supp. 56, 63-64 (E.D. La. 1978); <u>Kiper v. Louisiana State Bd. of Elementary and Secondary Education</u>, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. <u>Stewart</u>, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in <u>Stewart</u>, thereby barring a retrospective award of damages. This court cannot grant Plaintiff the relief he seeks.

Accordingly, the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Louisiana Department of Public Safety and Corrections**

The Eleventh Amendment bars § 1983 lawsuits in federal court against the Louisiana Department of Public Safety and Corrections. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir.1999); see also Cozzo v. Tangipahoa Parish, Id. (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief). Because sovereign immunity deprives the court of jurisdiction, claims barred by sovereign immunity should be dismissed without prejudice. Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir.1996).

Accordingly, the Louisiana Department of Public Safety and Corrections should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Administrative Remedy Procedure**

Plaintiff claims he filed numerous grievances in the administrative remedy procedure regarding the conditions of his confinement and that he received no responses to his grievances. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct.

242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that Defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, his claims regarding the administrative remedy procedure should be dismissed with prejudice as frivolous.

**Threatening Comments**

Plaintiff claims that on October 3, 2012, Assistant Warden Casuey made despairing and threatening comments to him. Plaintiff claims that on January 5, 2013, Deputy Black told the entire dorm that they would be tased, sprayed with a chemical agent, strapped in a five point restraining chair, and denied a blanket if they did not shave their heads. He claims Deputy Black drew his taser while making his threats.

Plaintiff's claims of verbal abuse and harassment fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70

F.3d 21, 24 (5th Cir.1995).  See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats should be dismissed with prejudice as frivolous.

**Property Claim**

Plaintiff claims Assistant Warden Mark Causey ordered the confiscation of his property which included a CD player, shorts, tennis shoes, and boots.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law.  Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated.  See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights.  See id. at 542, 107 S. Ct. at 1916.  However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.  See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979).  A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a

negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315.

Accordingly, Plaintiff property claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the State of Louisiana and the Louisiana Department of Public Safety and Corrections be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims regarding the administrative remedy

procedure, threats, and property be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of August 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE